**Baljinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73142.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 23, 2005.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Judith Lott, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Thomas K. Ragland, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Baljinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999), and we grant the petition for review and remand.

Kaur contends an alleged inconsistency relied upon by the BIA concerning her reasons for attending a June 1999 Gurdwara celebration was unrelated to the circumstances surrounding the detention and abuse she suffered on account of her imputed political beliefs. We agree. Because the alleged inconsistency was minor and did "not relate to the basis of [Kaur's] alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about [Kaur's] fear for [her] safety," it cannot support an adverse credibility finding. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). Like-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

wise, Kaur's failure to report a sexual assault committed by police officers to her treating physician is an insufficient basis upon which to find her not credible. *See Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir.2004) ("A victim of sexual assault does not irredeemably compromise his or her credibility by failing to report the assault at the first opportunity."). Finally, we agree that the BIA's adverse credibility finding cannot rest on the absence of documentary evidence to support Kaur's claims that her husband was a member of the Akali Dahl Mann political party and that he died of injuries inflicted by police officers opposed to his political activities. *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir.2004) (where enumerated reasons underlying adverse credibility finding fail, applicant's testimony is accepted as credible and no independent corroborative evidence is required).

We grant the petition for review and remand the case to the BIA to consider the merits of Kaur's application in light of a favorable credibility finding. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED AND REMANDED.**